UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/14

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BRUCE L. GROSSMAN and JONATHAN R. CURSHEN,

Defendants.

08-CV-7893 (PGG)

**FINAL JUDGMENT AS TO DEFENDANT JONATHAN R. CURSHEN**

WHEREAS, on March 21, 2014, the Court granted Plaintiff's motion for summary judgment and denied Defendant Curshen's motion to dismiss:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Curshen is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Curshen is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Curshen is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Curshen is jointly and severally liable with Defendant Grossman for disgorgement of $76,000, representing profits gained as a result of the conduct alleged in the Complaint. Defendant Curshen is also liable for pre-judgment interest thereon in the amount of $18,599.86. Defendant Curshen shall pay a civil penalty in the amount of $65,000 pursuant to 15 U.S.C. §§77t(d)(2)(B), 78u(d)(3)(B)(ii). Defendant Curshen shall satisfy this obligation by paying $159,599.86 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Curshen may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Curshen may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jonathan Curshen as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Curshen shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Curshen relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Defendant Curshen. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and pre-judgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant Curshen shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk of the Court is respectfully directed to close the case. The Clerk is further directed to send a copy of this order by certified mail to pro se Defendant Jonathan R. Curshen, 90293-054, c/o Counselor L. Kwartin, FCI Fort Dix, P.O. Box 38, Fort Dix, NJ 08640.

Dated: New York, New York
March 26, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge